THE PACIFIC BANK, Respondent, v. FRANK WORTH, Appellant.

First Department, December 23, 1927.

**Fraud and deceit — action to recover damages based on alleged fraudulent representations as to credit through which plaintiff accepted two renewal notes — at time of prior renewal of notes plaintiff demanded and received written statements of financial condition of defendant and action is based on that statement — notes forming basis of present action are renewals upon which plaintiff required indorsement of defendant's wife — error to admit evidence of alleged verbal false representations made several months after written representations — error for court to charge that plaintiff acted on written false representations and that there was no evidence to show that plaintiff's wife who indorsed renewal notes was worth anything.**

The plaintiff seeks to recover damages for alleged false and fraudulent representations by the defendant inducing credit.    The basis of the action is two renewal notes, one given June 30, 1924, and one July 25, 1924.    It appears that the original notes were given in August, 1923, that upon renewal in December, defendant furnished a written statement of his financial condition; that the present action is based on that statement; that the notes were again renewed in April, at which time the plaintiff required the indorsement of the defendant's wife, and that the notes were again renewed in June and July, with a similar indorsement.

While the evidence tends to show that the written statement was false and fraudulent, nevertheless the judgment must be reversed, since it was error for the court to admit in evidence alleged verbal false representations made by the defendant in June, 1924.    The plaintiff having pleaded and having relied upon the written representations made in December, 1923, did not have the right to prove subsequent verbal false representations.

In reference to the indorsement by the defendant's wife, the defendant having contended that the plaintiff relied upon her indorsement and not upon the written representations as to his financial condition, it was error for the court to charge that there was not any evidence to show whether the wife was worth

anything or had any property, and it was likewise error for the court to charge that the evidence was to the effect that the plaintiff relied upon the written representations of the defendant, for both charges amounted to an instruction to find for the plaintiff. The attempted correction of the first charge made at the request of defendant's counsel did not overcome its prejudicial effect.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of February, 1927, and also from an order entered in said clerk's office on the 16th day of February, 1927.

*Lester M. Friedman* of counsel [*Maud Haas* with him on the brief; *Lester M. Friedman,* attorney], for the appellant.

*Albert Blumenstiel* of counsel [*Ralph K. Jacobs* with him on the brief; *Blumenstiel & Blumenstiel,* attorneys], for the respondent.

MARTIN, J. The complaint based on fraud, contains two causes of action the subject of which is two promissory notes, one dated June 30, 1924, in the sum of $4,000, and the other July 25, 1924, in the sum of $4,500. They were renewal notes. The loans were originally made by the bank in August, 1923. The fraud alleged in the complaint is that plaintiff was induced to extend credit to defendant upon the notes in suit on a written statement of defendant's financial condition as of December 31, 1923, given to plaintiff about January 31, 1924, and which statement was false.

Upon the trial it was shown that the notes sued upon were renewals of two notes originally made by defendant to plaintiff in the sum of $5,000 each, in August, 1923, which notes were successively renewed from time to time until the spring of 1924. Up to that point the various notes bore the signature of the defendant only.

On or about April 30, 1924, the defendant executed two notes of $5,000 each, dated May 2, 1924, upon which notes he was required to obtain the indorsement of his wife. One of the notes was a renewal of the note due on April 30, 1924, and the other was to prepay a note for $5,000 due on May 26, 1924, which bore the signature of the defendant only, and the unearned discount on which was credited to defendant.

On June 30, 1924, a renewal of the note then due was given by plaintiff to defendant for the sum of $4,000 only, and on July twenty-fifth the renewal of the note due on that day was given to defendant for the sum of $4,500 only. Each of these notes bore the signature of defendant's wife, and they are the notes alleged in the first and second causes of action respectively.

The defendant testified that plaintiff was acquainted with the

true financial condition of the defendant; that about April 30, 1924, plaintiff had the books of the defendant examined and found that defendant was about "even," that is with his condition six months previously, and that he did not tell plaintiff on June 30, 1924, that his condition was better than before.

The only issues presented upon the trial of this case were: Was the financial statement given for the purpose of procuring credit? Was the statement materially false and was it believed and relied upon by the plaintiff in extending credit to the defendant?

The plaintiff's witnesses were John S. Hamilton, the officer of the bank to whom the financial statement was furnished by or on behalf of the defendant and who conducted the transactions with him on behalf of the plaintiff; William S. Slutz, an alleged accountant, who apparently had no office of his own and who made an audit and examination of the defendant's books of account in 1924. He testified in detail regarding the discrepancies between the defendant's book entries and the financial statement; and one Sterling B. Jordan who also testified to conversations he had with the defendant. The defendant was the sole witness in his own behalf.

The appellant's contentions in support of his demand for a reversal are that the proof adduced at the trial was at variance with the complaint; that the attitude of the trial court was prejudicial to defendant; that the testimony of plaintiff's witness Hamilton is incredible; that the verdict is against the weight of evidence as the testimony does not show that the notes sued upon were renewed in reliance upon the financial statement of defendant and that the verdict is contrary to law; that errors were committed by the trial court in the admission of irrelevant and incompetent testimony, exclusion of competent and relevant testimony and in the charge to the jury.

There is testimony that a statement which was furnished the bank, showing net worth of $37,068.18, so understated liabilities and overstated assets as to give the appearance of some $32,000 in net worth over the result reached from an examination of defendant's books. There was ground, therefore, for the inference implied by the verdict, that defendant had furnished a false statement.

However, on certain renewals of notes, the bank asked for an additional signature, that of defendant's wife, and it was furnished. This is pointed to as showing that the notes in suit were obtained at a time when the bank had become satisfied that, by reason of defendant's business condition, he was no longer sufficiently responsible.

Defendant also points out, as alleged error, that the bank was allowed to prove asserted statements by defendant to the effect that his financial condition had remained as good as it had been, whereas the financial statement and its falsity are all that is pleaded. This point was raised at the trial and defendant's objection was overruled.

The defendant also relies for reversal on the charge, referring particularly to the following: " Defendant contends that he got the credit, not on this financial statement but on the credit of his wife's indorsement, *without the slightest evidence to show whether she was worth one dollar or more or whether she had any property at all.*"

The defendant's counsel realized the effect of the charge and sought to have it corrected. The court must have also realized it was harmful, for requests to charge were then made and granted in an effort to avoid the error: " Mr. Friedman: I ask your Honor to charge the jury that the fact that Mr. Hamilton obtained the indorsement of defendant's wife on May 2, 1924, should be taken into consideration by the jury as to whether or not Mr. Hamilton relied upon the statements in renewal of the loan of June 30, and the loan of July 25, 1924. The Court: So charged. Mr. Friedman: I ask your Honor to further charge the jury that there is some evidence in regard to the financial condition of the defendant's wife, wherein the defendant testified that Mr. Hamilton told him that he had noticed that Mr. Worth had deposited checks made out to the defendant's wife, which she had drawn from a savings bank. The Court: So charged."

Referring to the financial statement, the charge states: " The testimony is that the plaintiff bank acted upon it. The fifth is that the plaintiff did in fact act upon it. *The testimony is to that effect.*"

This may be regarded as eliminating from the jury's consideration the question whether the bank renewed the notes on the strength of the signature of defendant's wife, or it may refer to what had previously happened.

Counsel for appellant says the trial justice was against defendant all the way through and that the record does not show all his remarks. By means of an appeal to this court an unsuccessful effort was made to amend the record. (See 220 App. Div. 830.)

Defendant points to Hamilton's testimony at folio 52, that in June, 1924, defendant told him the accounts receivable as of December, 1923, were perfectly good. This is said to be incredible from an intelligent witness. However, there is testimony that defendant said his accounts were slow of collection, as a result of the nature of the business.

The appellant sets forth several other rulings claimed to have been erroneously allowed in testimony for plaintiff and to have erroneously prevented defendant from offering testimony.

This accountant may have been but a bookkeeper, inasmuch as there are indications that he was working in a steady position with a firm named in the record Smith & Kaufman. This leads to some uneasiness as to his reports in view of other facts that were proved. He was allowed over objection to testify from a " report." The report was prepared two or three years before the trial from work sheets. It is not clear who actually took the data from the books and thus made the work sheets.

Though the complaint is based on falsity of the statement of December, 1923, and must stand or fall on that allegation, verbal representations in June, 1924, were allowed to be proved over specific objection. In addition, the original charge appears to have been prejudicial in the particulars noted above, being tantamount to a direction to find for the plaintiff, and the efficacy of the " corrections " brought about by counsel is very doubtful.

We are of opinion, therefore, that the defendant is entitled to a new trial, so that the precise issues may be placed before the jury in a manner that will not be prejudicial to the defendant.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.